**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KELLI BERTL, Personal Representative
of the Estate of LARRY BERTL,

       Plaintiff,                          CASE NO. 04-CV-75001

-vs-                                     JUDGE PAUL D. BORMAN

CITY OF WESTLAND, et al.,            MAG. JUDGE R. STEVEN WHALEN

       Defendants.
_____/

**OPINION AND ORDER
AFFIRMING THE ORDERS OF THE MAGISTRATE JUDGE:
(1) DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER;
AND (2) GRANTING PLAINTIFF'S MOTION FOR A CONTINUANCE TO CONDUCT
ADDITIONAL DISCOVERY**

Before the Court are Defendant Renella Thomas' ("Defendant") February 9, 2007 Objections (Docket No. 186) to the Magistrate Judge's January 30, 2007 Orders (1) Denying Defendant's Motion for a Protection Order (Docket No. 181); and (2) Granting Plaintiff's Motion for a Continuance to Conduct Additional Discovery (Docket No. 182). Plaintiff filed a Response to Defendant's Objections on February 20, 2007. Having considered the entire record, and for the reasons follow, the Court does not find that the Magistrate Judge's Orders were clearly erroneous or contrary to law. Therefore, the Court AFFIRMS the Orders of the Magistrate Judge.

At a motion hearing held on January 30, 2007, the Magistrate Judge considered motions by the parties relating to Defendant's December 19, 2006 Motion for Summary Judgment. Plaintiff requested that discovery be continued, including the deposition of Defendant, so that

she could properly respond to Defendant's summary judgment motion. Defendant argued that the Magistrate Judge should grant a protective order preventing the deposition of Defendant, and further discovery, until this Court could make a ruling on its summary judgment motion.

At the motion hearing, the Magistrate Judge clarified that Defendant that had filed her motion under both Fed. R. Civ. P. 12(b)(6) and 56(c). (Mot. Tr. 9). Furthermore, the Magistrate Judge established that Defendant had attached several depositions transcripts, as well as an investigative report, in support of her motion. (Mot. Tr. 9, 18). The Magistrate Judge concluded that since Defendant's motion was based on matters outside of the pleadings – both investigative reports and deposition testimony – the motion was to be treated as a Rule 56 motion. (Mot. Tr. 18). The Magistrate Judge therefore granted Plaintiff's motion for a continuance of discovery in order to respond to Defendant's motion, and denied Defendant's motion for a protective order.

Defendant makes the following Objections to the Magistrate Judge's Order:

(1) Defendant was wrongly denied an opportunity to file an amended motion for summary judgment, without affidavits or deposition testimony, based upon Rule 12(b)(6) only;

(2) The Magistrate Judge's discussion of the relevant case law was incorrect;

(3) Plaintiff waived any objection to the Court's hearing of the summary judgment motion, since she attached exhibits in her response.

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a

mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

Defendant objects that the Magistrate Judge improperly denied her request to file a Rule 12(b)(6) motion, without affidavits or deposition testimony. After a review of the record, this Court does not find that the Magistrate denied any such request.

Defendant next objects that case law supports his argument that a Rule 56(c) motion can be heard at "this stage of the case." Defendant essentially contends that since its defense in the case partly consists of qualified immunity, the motion can be heard by this Court without additional discovery being taken. In support, Defendant cites *Short v. Oaks Corr. Facility*, 129 Fed. Appx. 278 (6th Cir. Apr. 29, 2005) (unpublished) and *Livingston v. Luken*, 151 Fed. Appx. 470 (6th Cir. Oct. 26, 2005) (unpublished).

The Court finds that Defendant misconstrues the Magistrate Judge's Order and the cited case law. First, this Court notes there was sufficient support for the finding that Defendant's motion included "matters outside the pleading," including deposition transcripts and investigative reports. Therefore, the Magistrate Judge's decision to consider Defendant's motion as a motion under Rule 56(c), and not under Rule 12(b)(6), was not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 12(b) ("If, on a motion [under 12(b)(6). . . .], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2005).

In *Short*, the district court granted defendants' motion for summary judgment without allowing for additional discovery. The Sixth Circuit observed that although a party can move for

3

summary judgment under Rule 56(b) "at any time," an opposing party can file a Rule 56(f) affidavit or motion indicating to the court "what material facts it hopes to uncover" by the additional discovery requested. *Short,* 129 Fed. Appx. at 281. The court held in that instance that the district court's decision was "not an abuse of discretion when the [opposing] party makes only general and conclusory statements [. . . .] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth of falsity of the [document] to be discovered." *Id.* (quotation and citation omitted).

In the instant case, Plaintiff filed a motion for a continuance on January 9, 2007, pursuant to Rule 56(f), to conduct additional discovery to respond to Defendant's motion for summary judgment. (Docket No. 170). In that motion, Plaintiff listed facts that she hoped to uncover through additional discovery in responding to Defendant's summary judgment motion.

The Court finds *Livingston* to be irrelevant to the instant discussion. *Livingston* involved a Rule 12(b)(6) motion filed by defendants on the issue of qualified immunity. 151 Fed. Appx. at 472. The Court does not find that Defendant's submitted motion should be construed as a Rule 12(b)(6) motion.

Finally, Defendant's argument that Plaintiff "waived any objection" to this Court hearing Defendant's Motion for Summary Judgment by filing FOIA requests and deposition testimony in her Response was not an issue before the Magistrate Judge. Plaintiff responds that she made no such representation. Therefore, since this issue was not before the Magistrate Judge, the Court cannot review any decision on this contention. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("The Magistrate Act. . . . does not allow parties to raise at the district court new arguments or issues that were not presented to the magistrate [judge]").

For the foregoing reasons, the Court hereby:

(1) **AFFIRMS** the Magistrate Judge's Order Denying Defendant's Motion for a Protective Order; and

(2) **AFFIRMS** the Magistrate Judge's Order Granting Plaintiff's Motion for a Continuance.

**SO ORDERED.**


                                                  s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: March 8, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 8, 2007.


                                                s/Denise Goodine  
                                                Case Manager