UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI BERTL, Personal Representative
of the Estate of LARRY BERTL,

        CASE NO. 04-CV-75001

    Plaintiff,

        PAUL D. BORMAN
-vs-        UNITED STATES DISTRICT JUDGE

CITY OF WESTLAND, et al.,        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

    Defendants.
_____/

**OPINION AND ORDER
REVERSING THE MAGISTRATE JUDGE'S MAY 9, 2007 ORDER DENYING
DEFENDANTS' REQUEST TO TAKE THE DEPOSITION OF TIMOTHY HOWES**

Before the Court are Defendants Renella Thomas and Wayne County Defendants' (collectively "Defendants") May 18, 2006 Objections to the Magistrate Judge's May 9, 2007 Order Granting Plaintiff's Emergency Motion to Quash Subpoenas/Discovery and Enter Sanctions. (Doc. No. 260). Plaintiff Kelli Bertl ("Plaintiff") did not file a response. Having considered the entire record, and for the reasons that follow, the Court REVERSES the Magistrate Judge's May 9, 2007 Order Denying Defendants' request to take the deposition of Timothy Howes on Plaintiff's "loss of society and companionship" damages claims.

**I.    BACKGROUND**

Due to ongoing difficulties in scheduling the depositions of several Defendants in this case, the Magistrate Judge, on March 27, 2007, ordered that any discovery requested by Defendants would be stayed until the depositions of Defendants Hill, Vaughn, and Williams were taken. (Doc. No. 229).

1

On April 26, 2007, Defendants subpoenaed Howes, Plaintiff's ex-boyfriend, for a deposition. (Pl. Br. Ex. A). Defendants additionally subpoenaed various documents, including Plaintiff's work, college, and high school records. (Pl. Br. Ex. B). The various subpoenas called for the production of records by May 11, 2007. Defendants have maintained that they have sought this discovery for the purposes of rebutting Plaintiff's potential claims of economic damages and statutory damages under Michigan's wrongful death act.

On May 1, 2007, Plaintiff filed a motion to quash several subpoenas and discovery requests from Defendant. (Doc. No. 243). Plaintiff challenged Defendant's discovery requests on the basis that they violated the Magistrate Judge's March 27 Order precluding additional discovery for Defendants until the depositions of the three Defendants were completed.

At the May 9, 2007 motion hearing, Defendants explained that they sought Plaintiff's work and school records to rebut any potential economic damages claim. In reference to the request to depose Howes, Defendants argued:

> Mr. Howes was [Plaintiff's] boyfriend and was with her at the time she – her father passed away, and we believe he's in a good position to talk about damages with respect to how the death of [Plaintiff's father] affected [Plaintiff]. We believe that she was not particularly close to her father and we believe that Mr. Howes could potentially help us with respect to the damages issue, since there is, obviously, a loss of consortium claim.
>
> We've never spoken – spoken to him. I don't know if he's going to help us or hurt us or be neutral, but we wanted the opportunity to take his deposition.

(Tr. 5/9/07 at 8-9).

In response to a direct question from the Magistrate Judge, Plaintiff's counsel admitted on the record that he was not seeking damages from Plaintiff's lost wages. (Tr. at 12).

As the issue of the relevancy of Defendants' requests for the deposition testimony of Howes and the various document requests, the Magistrate Judge held the following:

2

> First of all, as to the subpoenas to Timothy Howes, the boyfriend, as well as Wayne Memorial High School, Henry Ford Community College, and the Eyeglass Factory [sic], and marginal relevance those have – I don't think have any relevance at all. I think they're harassing. I think they're – they're oppressive. I think they have at best extremely marginal relevance. [Plaintiff's counsel] has already said he's not looking for lost wages, so I'm going to grant the motion to quash those subpoenas.
>
> . . . .
>
> If for any reason – if for any reason the Hill, Vaughn, and Williams depositions do not take place by the 30th, my order of – of March 27th is – in effect. Discovery is stayed until those depositions take place.

(Tr. at 14-15).

On May 18, 2007, Defendants filed Objections to the Magistrate Judge's ruling on Plaintiff's emergency motion. Defendants argue that the Magistrate Judge's denial of their request to depose Howes was clearly erroneous or contrary to law since his deposition testimony would be relevant to Plaintiff's statutory wrongful death damages claim. Defendants claim that they require the Howes' testimony to rebut Plaintiff's testimony concerning her relationship with her deceased father.

## II.     ANALYSIS

### A.     Standard of Review

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). Parties cannot raise arguments on objection or appeal that they did not bring before the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

B.   **Discussion**

The United States Court of Appeals for the Sixth Circuit has recognized that under Michigan's wrongful death act, Mich. Comp. Laws § 600.2901 et seq., a family member can recover for "the loss of society and companionship of the deceased."

> In Michigan, "[t]here is no common-law right to recover damages for a wrongfully caused death." As a statute in derogation of the common law, the wrongful death act "must be narrowly construed so that only those damages explicitly provided for in the act are recoverable."
>
> The wrongful death act provides for three categories of damages: (1) "reasonable medical, hospital, funeral, and burial expenses for which the estate is liable," (2) "reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death," and (3) "damages for the loss of financial support and the loss of the society and companionship of the deceased." The first and third categories embrace only losses incurred by a decedent's estate or survivors; they do not authorize recovery for the decedent's enjoyment of life. The second category, however, addresses the decedent's own losses, and the term "pain and suffering" seems broad enough to cover hedonic injury.

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 599 (6th Cir. 2006) (internal citations omitted).[1]

Furthermore, to determine damages due from "loss of society and companionship," there must be an assessment of the relationship between the deceased and the family member:

> Under Michigan law, loss of society and companionship caused by wrongful death compensates survivors "for the destruction of family relationships that result[ ] when one family member dies." "The only reasonable means of measuring the actual destruction caused is to assess the type of relationship the decedent had with the claimant in terms of objective behavior as indicated by the time and activity shared and the overall characteristics of the relationship."

*Brereton v. United States*, 973 F. Supp. 752, 758 (E.D. Mich. 1997) (internal citations omitted).

---

[1] Indeed, the Sixth Circuit has recognized that the damages provided for in Michigan's wrongful death statute likewise provide the basis for Plaintiff's damages claim under 42 U.S.C. § 1983, insofar as Michigan's statutory remedy is consistent with those available under federal law. *See Frontier*, 454 F.3d at 603.

4

At the May 9, 2007 motion hearing, Defendants argued that the testimony of Howes could be relevant to determining the type of relationship that Plaintiff had with her father, for the purposes of determining proper damages under Michigan's wrongful death act. While the Magistrate Judge found that Howes' testimony would be irrelevant to an economic damages claim (which Plaintiff has admitted that she is not pursuing), the Magistrate Judge did not recognize that Howes' testimony would be relevant to "loss of society and companionship" damages under Mich. Comp. Laws § 600.2922(6). Defendants are entitled to depose Howes on this damages issue.

Accordingly, this Court **REVERSES** the Magistrate Judge's May 9, 2007 Order denying Defendants' request to take the deposition of Howes as it relates to Plaintiff's "loss of society and companionship" damages claim.

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: July 12, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 12, 2007.

        s/Denise Goodine
        Case Manager