UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI BERTL, Personal Representative
of the Estate of LARRY BERTL,　　　　　　　　CASE NO.  04-CV-75001

　　　　　　　Plaintiff,　　　　　　　　　　　　PAUL D. BORMAN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
-vs-
　　　　　　　　　　　　　　　　　　　　　　　R. STEVEN WHALEN
CITY OF WESTLAND, et al.,　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

　　　　　　　Defendants.
_____/

# OPINION AND ORDER
## (1) AFFIRMING IN PART AND REVERSING IN PART THE MAGISTRATE JUDGE'S JUNE 20, 2007 ORDER GRANTING PLAINTIFF ATTORNEY'S FEES AND COSTS; AND (2) REMANDING THE ISSUE OF THE AMOUNT OF APPROPRIATE AMOUNT OF REASONABLE ATTORNEY'S FEES AND COSTS

Before the Court are Defendant Wayne County's ("Defendant") July 2, 2007 Objections to the Magistrate Judge's June 20, 2007 Order Regarding Expert Depositions. (Doc. No. 294). Plaintiff Kelli Bertl ("Plaintiff") filed a Response on July 6, 2007. Defendant filed Addenda to tis motion on July 27 and 30, 2007. Plaintiff filed Responses to Defendant's Addenda on August 1, 2007. Having considered the entire record, and for the reasons that follow, the Court AFFIRMS IN PART and REVERSES IN PART the Magistrate Judge's Order and REMANDS to the Magistrate Judge for a determination of the specific appropriate amount of attorney's fees and costs.

Defendant's Objections concern the Magistrate Judge's award of the sum of $10,000 to Plaintiff for Defendant's cancellation of the deposition dates for several of Plaintiff's expert witnesses.

1

On May 9, 2007, the Magistrate Judge extended the discovery deadline in this case, including all expert depositions, to June 25, 2007. The Magistrate Judge stated on the record at that hearing that he would further extend the discovery cut-off upon the stipulation of the parties. The Magistrate Judge also ordered that the depositions of the individual Defendants in this case occur before Defendants were entitled to any further discovery.

On June 20, 2007, the Magistrate Judge held a hearing on a discovery motions involving Plaintiff's expert witnesses. Plaintiff asserted that she was entitled to $10,000 in attorney's fees and costs, incurred as a result of Defendant's belated change of course and insistence that all expert witness discovery be completed by June 25, 2007, and Defendant's subsequent unilateral cancellation of several of Plaintiff's scheduled expert witness deposition dates. Plaintiff maintained that on May 29, 2007, Daniel Dalton (co-counsel for Defendant Wayne County, and counsel for Defendants Vaughn, Hill, and Williams), the secretary for Kenneth Essad (co-counsel for Defendant Wayne County, and counsel for Defendant Thomas), Plaintiff's counsel, and Plaintiff's paralegal conducted a phone conference lasting for a half hour to forty-five minutes, agreeing upon the scheduling of several deposition dates – some before and others after the June 25, 2007 discovery cut-off – for eight of Plaintiff's experts.

That very next day, May 30, 2007, Mr. Essad sent Plaintiff's counsel a fax, indicating that "[a]s my secretary explained to you during this telephone conference, no dates would be cleared until I am notified. . . . Please do not schedule any dates for your experts after the close of discovery now scheduled for **6/25/07**." (Pl. 5/31/07 Mot. for Prot. Order, Ex. F) (emphasis in original). Thereafter, Mr. Dalton also sent a fax to Plaintiff's counsel concurring in Mr. Essad's

2

stance that Plaintiff must produce her experts for depositions before the June 25, 2007 date. (Pl. 5/31/07 Mot. for Prot. Order, Ex. G).

Plaintiff claimed that Defendant's one-day-later change of position on the scheduled deposition dates made her incur legal costs in connection with the May 29, 2007 conversation, a "week and a half of work," as well as costs incurred in the cancellation of the expert witness depositions. (Tr. 6/20/07 at 11-12).

At the June 20, 2007, motion hearing, Ms. Dufrane, standing in as counsel for Mr. Dalton, explained she was surprised when her client Defendant Wayne County announced its position that all expert depositions occur by June 25, 2007. (Tr. 6/20/07 at 17-18).

At the end of the hearing, the Magistrate Judge extended expert witness discovery in the case until September 12, 2007. On the subject of Plaintiff's request for fees and costs, the Magistrate Judge stated on the record:

> Now, [Plaintiff's counsel] – on behalf of his client has asked for costs from Wayne County occasioned by his scheduling depositions and then having to cancel them on behest of Wayne County. As I said, I've had the opportunity to look at the correspondence, I've had – had the opportunity to review the fact that there was a lengthy – I mean, I think it was an hour and a half or so between [Plaintiff's counsel] and Mr. Dalton, that dates were worked out, that for whatever reason that I – that apparently even the attorney for Wayne County is – is not aware of, his client basically undid whatever was accomplished in that meeting.
>
> I think [Plaintiff's counsel] is entitled to costs. I think he's – he's gone to – on behalf of his client, you know, he set numerous dates that have been rejected. He reached an agreement that was then reneged on by the defendants, and I – you know, the result is the Court now has to extend expert discovery through September on – on an '04 case that's arguably set for trial in October, so I think he's entitled to costs, and I'm going to assess costs and attorneys' fees against Wayne County – Defendant Wayne County in the amount of ten thousand dollars.

(Tr. 6/20/07 at 22-23).

3

Defendant makes the following Objections to the Magistrate Judge's Order: (1) the Magistrate Judge's characterization of Defendant Wayne County's actions as "obstructionst" is misleading and wrong; and (2) the imposition of costs and fees was excessive.

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). Parties cannot raise arguments on objection or appeal that they did not bring before the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

Defendant initially asserts that it was not being obstructionist by insisting that the depositions of Plaintiff's experts be completed by June 25, 2007, the original discovery cut-off date. Defendant argues that at that time, the Magistrate Judge has ordered discovery to be closed on June 25, 2007. Defendant maintains that it attempted to schedule Plaintiff's expert depositions "for weeks," but Plaintiff insisted on completing the deposition of the individual Defendants before providing deposition dates for her expert witnesses.

The Court does not find that the Magistrate Judge's findings of facts were clearly erroneous, nor that his rulings were contrary to law. The Magistrate Judge indicated at the May 9, 2007 motion hearing that he would be amenable to extending discovery past June 25, 2007, upon the agreement of the parties. On May 29, 2007, Mr. Dalton, Plaintiff's counsel, and Mr. Essad's secretary scheduled several of Plaintiff's expert depositions on dates before and after the

4

June 25, 2007 original discovery cut-off. The next day, May 30, 2007, Mr. Essad, apparently on the instruction of his client, took the new position that all of Plaintiff's experts needed to be deposed by the June 25, 2007 deadline. Later in the day, Mr. Dalton concurred with that stance. The Court finds that the Magistrate Judge could have reasonably concluded from these facts that Plaintiff was entitled to reasonable attorney's fees and costs incurred as a result.

However, Plaintiff did not submit a bill of costs, or otherwise establish a basis for her claim of $10,000 as a reasonable amount of attorney's fees and costs in connection with Defendant's cancellation of the dates for Plaintiff's expert depositions. Thus, the Court REVERSES the imposition of $10,000 in fees and costs against Defendant and REMANDS the issue to the Magistrate Judge for a determination of a reasonable amount of attorney's fees and costs in this instance, bearing in mind that the change of course occurred the very next day.

Accordingly, the Court hereby:

(1)  **AFFIRMS IN PART** and **REVERSES IN PART** the Magistrate Judge's June 20, 2007 Order; and

(2)  **REMANDS** to the Magistrate Judge for a determination of the appropriate amount costs and fees incurred by Plaintiff.

**SO ORDERED.**

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: August 3, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 3, 2007.

                                              s/Denise Goodine
                                              Case Manager